# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRAD L. BATES,**

    Petitioner,

  v.                                        Case No. 11-CV-997

**MICHAEL BAENEN,**

    Respondent.

## ORDER DENYING MOTION TO STAY

### BACKGROUND

On October 24, 2011, petitioner Brad L. Bates ("Bates") filed a petition for a writ of habeas corpus (Docket #1) pursuant to 28 U.S.C. § 2254. Bates challenges his convictions for first degree reckless injury while armed with a dangerous weapon, aggravated battery – intended bodily harm, criminal trespass to dwelling, and disorderly conduct – violent. Bates entered a guilty plea and the Racine County Circuit Court sentenced him on October 26, 2007 to twenty-eight years incarceration followed by thirteen years extended supervision. On November 15, 2011, the court conducted the required Rule 4 review and determined that Bates's petition must be dismissed as it did not appear that he had exhausted his ineffective assistance of counsel claim.

On December 5, 2011, Bates filed a motion to alter or amend the court's judgment denying his § 2254 petition and dismissing the case without prejudice. Bates provided the court with documentation showing that he presented his ineffective assistance of counsel claim to the state courts via a post-conviction motion in the circuit court. The denial of this post-conviction motion was

affirmed on appeal in the Wisconsin Court of Appeals, and the Wisconsin Supreme Court denied Bates' petition for review. As such, the court vacated its November 15, 2011 decision and ordered the respondent to file an answer, motion, or other response to Bates' petition. (Docket # 12.)

On December 13, 2011, Bates filed a motion to stay the habeas proceedings so that he may exhaust additional claims that were not raised in the original petition. (Docket # 13.) Bates states that his trial attorney sent him two DVD's in February 2011 that were erased while in the custody of the Green Bay Correctional Institution. (Docket # 13 at 2.) Bates has been unsuccessful in obtaining duplicate disks from the Racine County District Attorney's office. (*Id.*) Bates argues the evidence on these disks is "needed to support my claim in the circuit court" and that "this evidence (DVD's) clearly shows that Bates pled guilty to a charge he did not commit, as the elements shows." (*Id.*)

## ANALYSIS

Federal district courts have the discretion to stay a mixed habeas petition - one that contains some exhausted claims and some unexhausted claims - in "limited circumstances" not inconsistent withe the "timeliness concerns reflected in AEDPA." *Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006)(citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)). A "stay and abeyance" of a mixed habeas petition "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and the unexhausted claims are not "plainly meritless." *Id.*

Bates argues the habeas proceedings should be stayed because the missing information on the two DVD's shows Bates pled guilty to a charge he did not commit. (Docket # 1 at 2.) But Bates does not identify his new constitutional or federal law claim and does not explain how the two DVD's relate to the new claim. At a minimum, Bates must articulate a cognizable constitutional or federal

law claim. Because Bates has not shown his potential unexhausted claim is not "plainly meritless," a stay in not appropriate in this case and the Court will order the respondent to file an answer or dispositive motion in response to Bates' petition.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Bates' Motion to Stay (Docket # 13) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer, motion or other response to the claims in petitioner's petition within forty (40) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3. Respondent shall file an opposition brief with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Dated at Milwaukee, Wisconsin this 9th day of February, 2012.

BY THE COURT

 *s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

- 3 -

Case 2:11-cv-00997-NJ   Filed 02/09/12   Page 3 of 3   Document 20